Hans Carl SHERRER,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4439)

Submitted on cross motions for summary judgment that were filed in the Magistrate Division.Emily Simon, Portland, filed a cross motion for summary judgment for Plaintiff (taxpayer).

Marilyn J. Harbur, Assistant Attorney General, Department of Justice, Salem, filed a motion for summary judgment for Defendant (the department).

Decision for Defendant rendered May 30, 2000.

### CARL N. BYERS, Judge.

Plaintiff (taxpayer) appeals from a magistrate Decision upholding the Defendant Department of Revenue's (the department) second attempt to have taxpayer's occupational license suspended. The magistrate's Decision was in response to cross motions for summary judgment. Although

appeals in the Regular Division are heard *de novo*, the parties request the court to rely upon those same cross motions in resolving this appeal.

## FACTS

Taxpayer did not file federal or state income tax returns for the years 1989 through 1994. The Internal Revenue Service discovered this lack of filings, investigated taxpayer's business activities and income, and on April 18, 1996, issued Notices of Deficiency for each year. Taxpayer timely appealed from those notices to the United States Tax Court.

Based on information obtained from the Internal Revenue Service, on January 29, 1997, the department sent taxpayer a notice requesting him to file Oregon returns for the years in question. When the department did not receive any returns, it prepared and issued Notices of Determination and Assessment dated April 25, 1997.[1] Taxpayer did not appeal those assessments and upon expiration of 90 days they became final. Therefore, on August 5, 1997, the department issued Distraint Warrants to collect the amounts assessed.

On September 19, 1997, the department sent the Oregon Building Codes Division a letter asking it to suspend taxpayer's plumbing license. Although taxpayer's license was suspended on September 22, 1997, at taxpayer's request it was reinstated on October 15, 1997. On October 30, 1997, the Plumbing Board issued a Notice of Proposed License Suspension. On March 5, 1998, an administrative hearing was convened, at the conclusion of which the hearing officer tentatively denied the department's request.

On May 28, 1998, the department sent taxpayer a letter of intent in a second attempt to seek suspension of taxpayer's plumbing license. On June 19, 1998, the Plumbing Board issued its final order denying the department's first request to suspend taxpayer's plumbing license. On August 21, 1998, taxpayer appealed the department's second request to the Magistrate Division of the Tax Court. Taxpayer's

---

[1] The department was aware that taxpayer had appealed his federal deficiencies.

appeal from the magistrate's Decision seeks a declaratory ruling that the department is barred from making a second request to suspend taxpayer's plumbing license.

## ISSUE

Is the department barred by the provisions of ORS 305.305[2] or any other law from again seeking suspension of taxpayer's plumbing license?

## ANALYSIS

ORS 305.380 through ORS 305.385 are unusual tax collection statutes. They provide a mechanism to suspend an occupational license in order to obtain the licensee's cooperation in meeting his or her income tax obligations. ORS 305.385(4) provides:

"(a) If the department determines that any licensee or provider has neglected or refused to file any return or to pay any tax and that such person has not filed in good faith a petition before the department contesting the tax, and the department has been unable to obtain payment of the tax through other methods of collection, the Director of the Department of Revenue may, notwithstanding ORS 118.525, 314.835 or 314.840 or any similar provision of law, notify the agency and the person in writing.

"(b) Upon receipt of such notice, the agency shall refuse to reissue, renew or extend any license, contract or agreement until the agency receives a certificate issued by the department that the person is in good standing with respect to any returns due and taxes payable to the department as of the date of the certificate.

"(c) Upon the written request of the director and after a hearing and notice to the licensee as required under any applicable provision of law, the agency shall suspend the person's license if the agency finds that the returns and taxes have not been filed or paid and that the licensee has not filed in good faith a petition before the department contesting the tax and the department has been unable to obtain payment of the tax through other methods of collection. For the purpose of the agency's findings, the written representation to that effect by the department to the

---

[2] All references to the Oregon Revised Statutes are to 1997.

agency shall constitute prima facie evidence of the person's failure to file returns or pay the tax. The department shall have the right to intervene in any license suspension proceeding.

"(d)   Any license suspended under this subsection shall not be reissued or renewed until the agency receives a certificate issued by the department that the licensee is in good standing with respect to any returns due and taxes payable to the department as of the date of the certificate."

It should be noted that upon receipt of the notice from the department, the agency "shall refuse to reissue, renew or extend any license, contract or agreement" until it receives a certificate from the department that the person is in good standing. In contrast, if the department is seeking to have a license suspended, the agency may only do so after conducting a hearing and making three findings: (1) the returns were not filed, or taxes not paid; (2) that the person has not filed in good faith a petition before the department contesting the tax; and (3) the department is unable to obtain payment of the tax through other methods of collection.

■     In this case, the department's notices of assessment became final when taxpayer failed to appeal within 90 days. Once the assessments became final, the amount of obligation was fixed and taxpayer had no further right to appeal.

■ ■     Taxpayer asserts that ORS 305.305 requires the department to suspend action to collect the taxes so long as a federal appeal is pending. However, ORS 305.305 is not applicable. That statute applies when the taxpayer has filed a return.[3] Where the taxpayer does not file a return, there is no return to audit or adjust. Taxpayer argues that the work of the Internal Revenue Service auditor in preparing the federal assessment constitutes a return. That argument is not consistent with the wording of ORS 305.305. It is not logical that the auditor would "adjust or audit" the work papers that the auditor prepares.

---

[3] ORS 305.305(2) provides:

"If a deficiency is based wholly or in part upon an Internal Revenue Service revenue agent's report made upon any audit or adjustment of the person's federal income tax return, the following procedures shall apply[.]"

Similarly, ORS 305.265(1) indicates that the provisions of ORS 305.505 "shall apply to all reports or returns of tax or tax liability * * * filed with the Department of Revenue." Again, if the taxpayer does not file a report or a return, that section is not applicable. In fact, ORS 305.265(10) specifically addresses the situation where the person does not timely file a return.

Taxpayer also contends that the department's notice to the licensing board is insufficient. ORS 305.385(4)(c) states, in part:

> "* * * For the purpose of the agency's findings, the written representation to that effect by the department to the agency shall constitute prima facie evidence of the person's failure to file returns or pay the tax. The department shall have the right to intervene in any license suspension proceeding."

The notice constitutes *prima facie* evidence of one condition, *i.e.*, no return or payment of the tax. Taxpayer points out that it is not *prima facie* evidence of the other two conditions, *i.e.*, no good-faith petition filed with the department, and the department is unable to collect the tax by any other means. However, this does not make the notice insufficient. It does imply that the board, not this court, must make findings as to whether the three suspension requisites have been met.

The department seeks a second opportunity to request a license suspension. Apparently the hearing officer found that the department's first request was premature because taxpayer had filed a federal appeal. That was an obvious error by the hearing officer. The statute expressly refers to a petition filed with the department, not a federal agency. The department's assessment became final precisely because taxpayer had not filed a petition to the department. If the department had intervened and participated in the hearing, it may have been able to educate the hearing officer and this error could have been avoided.

The court finds that neither ORS 305.305 nor ORS 305.265 bars the department from seeking the suspension of taxpayer's plumbing license until after the resolution of taxpayer's federal appeal. The court also finds that, as the magistrate Decision indicated, whether the Plumbing Board's

decision in the first case will be given preclusive effect is a matter for that agency to determine, not the Tax Court. Now, therefore,

IT IS ORDERED that Plaintiff's motion for summary judgment is denied, and

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is granted. Costs to neither party.